IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANET PATTERSON, | ) |
| | ) Civil Action 3-10-CV-000996-001 |
| Plaintiff, | ) |
| | ) Judge Nixon |
| v. | ) |
| | ) Magistrate Judge Griffin |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| | ) |
| Defendant | ) |

## FIRST AMENDMENT TO COMPLAINT

Plaintiff Patterson, by and through counsel, pursuant to F.R.C.P. 15, hereby amends her *Complaint* by adding the following paragraphs 12 and 13:

12. Safeco misled Ms. Patterson, treated her unfairly, and deceived her in the following ways, any one of which is a violation of Tennessee's Consumer Protection Act, T.C.A. §§ 47-18-101, *et seq.*:

    a. Safeco denied Ms. Patterson's claim for reasons it knew were not true;

    b. Safeco was reckless by its lack of investigation, or it was untruthful about what it knew;

    c. Safeco knew that its star witness, James Asher, whom it chose to use as a basis for denying Ms. Patterson's claim, has a criminal record and a record of civil judgments, but testified under oath that it knew nothing about either;

    d. As part of the coverup, during the deposition of Safeco's corporate representative, its lawyer coached the witness; and

    e. As part of the coverup, Safeco wrongfully withheld documents requested during discovery that would have revealed the truth–Safeco's unfairness, deception, and fraud.

13. The actions and inactions of Safeco and those to whom Safeco is responsible were fraudulent, intentional, reckless, and malicious, any one of which justifying an award of

-1-

punitive damages.

14. Safeco wrongfully cancelled the policy on the claim that Ms. Patterson was not living at her home even though it knew she was living there.

Plaintiff Patterson also adds the following to the "Wherefore" clause:

c. Consequential damages may include, but not be limited to, damages mentioned in the body of the *Complaint* and *First Amendment to Complaint*.

e. That damages include those that flow from a wrongful cancellation of the policy.

f. That Plaintiff's damages be trebled as allowed under Tennessee's Consumer Protection Act, and that she be reimbursed her attorneys fees as allowed under Tennessee's Consumer Protection Act. Alternatively, that Plaintiff Patterson be awarded punitive damages. That Plaintiff Patterson be allowed to choose between punitive damages or a combination of treble damages and attorneys fees, and that, as allowed by law, Ms. Patterson shall be allowed to elect her remedies after the jury determines her entitlement to punitive damages, her entitlement for damages under Tennessee's Consumer Protection Act, and her entitlement to damages under T.C.A. § 56-7-105.

Respectfully submitted this 12th day of May, 2011.

/s/ Timothy W. Burrow
Timothy W. Burrow, BPR No. 017280
Burrow & Cravens, P.C.
1700 Hayes Street, Suite 202
Nashville, Tennessee 37203
615-252-2502
Attorney for Janet Patterson