IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANET PATTERSON, ) | |
| ) | Civil Action 3-10-CV-000996-001 |
| Plaintiff, ) | |
| ) | Judge Nixon |
| v. ) | |
| ) | Magistrate Judge Griffin |
| SAFECO INSURANCE COMPANY OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant ) | |

## AMENDED COMPLAINT

Janet Patterson, for her Complaint, alleges the following:

1. Janet Patterson is an individual who resides in Sumner County, Tennessee.

2. Defendant Safeco Insurance Company of America ("Safeco") is believed to be a Washington corporation with its main office located at 175 Berkely Street, Boston, Massachusetts. Its agent for service of process is Corporation Service Company, who can be served at 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

3. Safeco issued an insurance policy to Ms. Patterson for a 12-month period that began on July 5, 2008. Ms. Patterson paid $1,390 for that insurance. The policy and its declaration page are attached to the original Complaint as **Exhibit A** ("Insurance Policy"), which comprise the insurance contract between Ms. Patterson and Safeco.

4. The Insurance Policy provided, among other things, coverage for fire to the property at 6109 Tulip Tree Lane in Nashville, Tennessee 37221-3914 ("the property").

5. A fire occurred at the property on April 7, 2009, which was within the 12-month policy period. The policy was in full force and effect at the time of the fire.

6. Ms. Patterson gave Safeco or its agent due notice in due time.

7. Safeco wrote a letter dated September 16, 2009 to Ms. Patterson, denying her claim for insurance proceeds as a result of the fire loss. Safeco wrongfully accused her of making material misrepresentations in her Examination Under Oath and in her Sworn Proof of Loss, using that as its basis for denial.

8. Safeco's denial of the claim and not otherwise satisfying its obligations under the policy was a breach of the contract of insurance.

9. Safeco denied Ms. Patterson's claim for reasons it knew were not true.

10. Safeco was negligent or reckless by its lack of investigation, or it was untruthful about what it knew.

11. Safeco did not properly investigate the claim, did not provide timely reasons for denying the claim, did not have justifiable reasons for denying the claim, and did not tell the truth as to its reasons for denying the claim. Safeco did not tell the truth and concealed its wrongdoings during the course of this litigation. Safeco did not conduct its investigations honestly, fairly, or thoroughly. Safeco did not cooperate during the course of this litigation.

12. Safeco paid part of the claim almost a year after the lawsuit was filed, which was late.

13. Safeco knew that its star witness, James Asher, whom it chose to use as a basis for denying Ms. Patterson's claim, has a criminal record and a record of civil judgments, but testified under oath that it knew nothing about either.

14. During the deposition of Safeco's corporate representative, its lawyer coached the witness.

15. Safeco wrongfully withheld documents requested during discovery that would have revealed the truth−Safeco's unfairness, deception, and fraud.

16. Safeco was negligent. It had a duty to not do what is complained about in paragraphs 9

through 15 above. Safeco breached that duty, which damaged Ms. Patterson.

17. Safeco's denial of the claim was not in good faith, and therefore Mr. Patterson is entitled to the remedies set forth in T.C.A. § 56-7-105. The failure to pay inflicted additional expense, loss, or injury, including attorneys fees, upon Ms. Patterson. The additional liability shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury, including attorneys fees.

18. Safeco's actions or inactions were unfair or deceptive, either of which is a violation of Tennessee's Consumer Protection Act, T.C.A. §§ 47-18-101, *et seq.*

19. The actions and inactions of Safeco were fraudulent, intentional, reckless, and malicious, any one of which justifying an award of punitive damages.

20. Ms. Patterson suffered damage as to items not covered by insurance, but that would have been prevented had Safeco not breached its insurance contract, and therefore Safeco is liable to Ms. Patterson for that damage, whether or not it is covered under the insurance policy. For example, Ms. Patterson suffered loss from her stove being stolen because Safeco did not properly secure the home and did not begin repairs. Another example includes that which could have been avoided had someone lived there or there was an ability to heat the house. Damage includes, but is not limited to, two toilets cracking, a freezing water heater pipe that burst, cracking of a water pipe under a sink, and additional damage that was caused by leaking water.

21. Ms. Patterson incurred additional expenses as a result of Safeco's wrongful denial of coverage. That includes, but is not limited to, premiums paid for insurance for a fire-damaged house and for placement insurance.

22. Safeco wrongfully cancelled the policy on the claim that Ms. Patterson was not living at her home even though it knew she was living there.

WHEREFORE, Janet Patterson demands:

a. That process issue and be served against Safeco, and that it be required to appear and answer this Complaint within the time required by law.

b. That this Court declare that Ms. Patterson has insurance coverage.

c. That Ms. Patterson be awarded judgment against Safeco for the following:

An amount equal to what Safeco was required to pay under the insurance policy, which includes, but is not limited to fire damage and restoration to the real property, fire damage and restoration to Ms. Patterson's personal property, and Ms. Patterson's living expenses during the time she was unable to live in the property;

Damage that occurred to the home as a result of it being left in a state of disrepair;

Value for loss of use of Ms. Patterson's home and personal property from the date that it should have been repaired and replaced to the date it will actually be repaired or replaced by payment from Safeco that eventually makes its way into the exclusive control of Ms. Patterson;

Stolen refrigerator and stove;

Prorata refund for Safeco's cancelling policy;

Premium paid and to be paid for replacement insurance and a continuation of insurance;

Loss in value of home as a result of it being left in charred condition for an extended length of time;

>    > Damages from loss of work or loss of income that were a result of Safeco's improper actions and inaction;
>    >
>    > Other compensatory or consequential damages; and
>    >
>    > Court costs, mediation costs, discretionary costs, pre-judgment interest, post judgment interest, other costs, and attorneys fees.
>
> e. That damages include those that flow from Safeco's cancellation of the policy.
>
> f. That Plaintiff's damages be trebled as allowed under Tennessee's Consumer Protection Act, and that she be reimbursed her attorneys fees as allowed under Tennessee's Consumer Protection Act. Alternatively, that Plaintiff Patterson be awarded punitive damages. That Plaintiff Patterson be allowed to choose between punitive damages and those damages allowed under the Consumer Protection Act, and that Ms. Patterson shall be allowed to elect her remedies after the jury determines her entitlement to punitive damages as compared to her entitlement for damages under Tennessee's Consumer Protection Act.
>
> g. For such other and general relief to which Ms. Patterson may be entitled.
>
> Respectfully submitted,

/s/ Timothy W. Burrow
Timothy W. Burrow, BPR No. 017280
Burrow & Cravens, P.C.
1700 Hayes Street, Suite 202
Nashville, Tennessee 37203
615-252-2502
Attorney for Janet Patterson

5