# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JANET PATTERSON, | ) |
| Plaintiff, | ) |
| | ) Docket No. 3-10-CV-0996 |
| v. | ) |
| | ) Judge Nixon |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) |
| | ) Magistrate Judge Griffin |
| Defendant. | ) |

## STIPULATION OF AGREED PROTECTIVE ORDER

Defendant Safeco Insurance Company of America ("Safeco") and Plaintiff Janet Patterson hereby stipulate to this Agreed Protective Order. In order to preserve and maintain the confidentiality of certain confidential, commercial, and proprietary documents, the parties stipulate that:

1. This agreement applies to depositions taken and discovery received on or after October 11, 2011 and documents related to Safeco bonus and retirement plans provided to Plaintiff during depositions taken in September 2011 and enclosed in Safeco's letter to Plaintiff's counsel dated October 11, 2011.

2. Irrespective of the form in which discovery materials are produced, including printed or electronically recorded documents, in connection with the discovery process in the above-entitled case, including but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admissions, and any documents recorded on computer disks, the parties may designate any such materials as "confidential" or "confidential discovery material", under the terms of this order.

3. The parties to this order may designate as "Confidential" or "Trade Secret," pursuant to the terms of this order, documents or other discovery material to the extent they consist of or include trade secret or confidential research, development, or commercial information and may include financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy law, as well as any other type of information given confidential status by the court.

4. Any person subject to this order who receives any confidential discovery material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this order.

5. With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the portion as confidential discovery material by stamping or otherwise clearly marking the protected page, passage, or item as **"Confidential"** or **"Trade Secret"** in such a manner that will not interfere with legibility or audibility.

6. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for confidential discovery material, in which case the text in the transcript where these questions or answers occur shall be specially marked as a separate page stamped **"Confidential Information Governed By Protective Order"** by the court reporter. For convenience, the parties may agree that entire deposition transcripts shall be treated as confidential discovery material.

7. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as confidential discovery material, the party may so designate by advising all other parties in writing. The designated

2

documents or material will thereafter be treated as confidential discovery material pursuant to this order. However, no party shall be penalized in any way for disclosing such materials prior to receiving notice of this belated realization.

8. No person subject to this order other than the designating party shall disclose any confidential discovery material to any other person, except as follows:

(a.) Counsel for the parties in this action, including any paralegal, clerical, consulting, professional and other staff employed or retained by counsel for work on this action;

(b.) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(c.) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order;

(d.) Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e.) Official court reporters;

(f.) The court, mediators, and support personnel; and

(g.) Insurers and indemnitors to the extent reasonably necessary to defend and evaluate plaintiff's claim.

9. Prior to any disclosure of confidential discovery material to any person referred to in subparagraphs (c) or (d) of paragraph 7 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached hereto as <u>Exhibit 1</u>. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this order is intended to modify or shift any burden of

3

proof or privilege relating to the motion.

10. To the extent allowed by applicable law, the parties will file a motion to have all confidential discovery material filed under seal, including any portion of a court paper that discloses confidential discovery material. When filing the motion, the parties will cite to the court the legal grounds for filing the confidential discovery material under seal. Any such motion shall be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

11. If any attorney files with or submits to the court any confidential (a) documents, responses, transcripts or things as defined by this order, or information derived there from, or (b) any affidavits, memoranda, exhibits or other papers containing or making reference to any such confidential documents, responses, transcripts or things, or any information contained therein, then such attorney shall first consider whether redacting portions of such materials that contain or refer to confidential information is practical, and, if so, will protect the confidential information while leaving other non-confidential information meaningful. If so, redacted versions of such material shall be filed with the court according to the standard filing procedures.

12. Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. If agreement cannot promptly be reached, the dispute will be submitted to the court. Until a dispute is resolved, the material designated as **"Confidential"** or **"Trade Secret"** shall remain as confidential discovery material pursuant to this order. The party requesting confidentiality shall have the burden of establishing entitlement to protection and confidentiality.

13. Each person who has access to confidential discovery materials shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

14. This order shall survive the termination of this action. Within 30 days of the final disposition of this action, all confidential discovery material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, destroyed; however, if objections to confidentiality are then asserted, return of the confidential discovery material shall depend upon final resolution of the objections. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

15. Nothing in this order shall prevent any party from seeking further or additional protection, or removing protection, for confidential discovery material.

16. Additional parties may be added to this action as allowed under the Federal Rules of Civil Procedure. Before receiving confidential discovery material, a new party must agree to be bound by the terms of this order as if the party had stipulated to it at the time of entry. No newly added party shall have access to confidential discovery material until the party is subject to the terms of this order.

APPROVED AND ENTERED:

*[signature]* US Magistrate Judge

Respectfully submitted,

/s/John R. Wingo
John R. Wingo (BPR No. 16955)
Kevin P. Hartley (BPR No. 29199)
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Phone: (615) 782-2263
Fax: (615) 742-4106
E-mail: john.wingo@stites.com
*Counsel for SAFECO INSURANCE COMPANY OF AMERICA*

/s/Timothy W. Burrow (w/permission)
Timothy W. Burrow (BPR No. 17280)
Burrow & Cravens, P.C.
1700 Hayes Street, Suite 202
Nashville, TN 37203
Phone: (615) 252-2502
*Counsel for Janet Patterson*

## CERTIFICATE OF SERVICE

I hereby certify that on 11th October 11, 2011, the foregoing was served by ECF upon: Timothy W. Burrow, 1700 Hayes Street, Suite 202, Nashville, TN 37203.

/s/John R. Wingo

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANET PATTERSON,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SAFECO INSURANCE COMPANY OF  )<br>AMERICA,  )<br>  )<br>    Defendant.  ) | Docket No. 3-10-CV-0996<br><br>Judge Nixon<br><br>Magistrate Judge Griffin |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

    I, _____ acknowledge that I have read and understand the Agreed Protective Order in this action governing the non-disclosure of Confidential or Trade Secret discovery material. I agree that I will not disclose such discovery material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all such discovery material to the party or attorney from whom I received it. By acknowledging these obligations under this Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court, Middle District of Tennessee for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    DATED this _____ day of _____, 2011.

_____
Signature

# Exhibit 1